NOT RECOMMENDED FOR PUBLICATION
File Name: 14a0904n.06

No. 14-1514

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
**Dec 05, 2014**
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| ARNIE JUDKINS and PHILLIS JUDKINS, | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| HSBC MORTGAGE SERVICES, INC., | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellee. | ) | OPINION |
| | ) | |
| | ) | |

BEFORE:    BOGGS, ROGERS, and STRANCH, Circuit Judges.

PER CURIAM.  Pro se Plaintiffs brought several claims against a mortgage provider, alleging the breach of multiple written and oral contracts.  Defendant filed a motion to dismiss, and a magistrate judge issued a report recommending the dismissal of all claims, which was adopted in full by the district court.  Plaintiffs now appeal.  Given that Plaintiffs failed to file timely written objections to the magistrate judge's report, as instructed, they have waived appellate review.  We therefore AFFIRM the district court's dismissal of Plaintiffs' claims.

## I. BACKGROUND

Plaintiffs filed two suits regarding their claims to the property at 276 King Street, Detroit, MI 48202.  They attempted to quiet title to and remove the mortgage from the property.  They filed their first suit in state court on August 27, 2012, against HSBC Mortgage Services ("HSBC") and five other defendants but failed to properly serve HSBC.  The other defendants removed the case to district court, where the claims were dismissed.  Because HSBC was not

properly served, the claims against it were dismissed without prejudice. Plaintiffs then brought this case in state court on May 6, 2013, and HSBC removed the case to district court.

Plaintiffs alleged several claims in which they essentially argued that 1) HSBC breached their original mortgage contract with Plaintiffs and then breached two successive oral agreements to modify the loan, in the process demanding excessive payments; 2) in doing so, HSBC breached agreements with supervising federal agencies; 3) HSBC falsely published statements that Plaintiffs had defaulted on and breached the terms of their mortgage contract, and in doing so tortiously interfered with Plaintiffs' business relations; and 4) that HSBC fraudulently obtained a mortgage interest in Plaintiff's property. Plaintiffs sought $200,000 in damages.

On June 5, 2013, HSBC filed a motion to dismiss, arguing that Plaintiffs failed to plead facts sufficient to state a claim and that some claims were not recognized causes of action. On July 5, 2014, Plaintiffs filed their opposition to HSBC's motion to dismiss, arguing that they should be permitted to amend their complaint, and alleging that HSBC had violated the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* HSBC responded, arguing that Plaintiffs had failed to timely amend their complaint pursuant to Fed. R. Civ. P. 15(a)(2) and that the court should not give them leave to otherwise do so.

On January 13, 2014, a magistrate judge issued a Report and Recommendation proposing that the court grant HSBC's motion to dismiss Plaintiffs' claims on the grounds that: 1) the pleadings failed to state any claims, having offered unsupported conclusions rather than specific facts satisfying the elements of the causes of action; 2) Michigan's statute of frauds barred the breach of contract and promissory estoppel claims insofar as they relied on oral agreements; and 3) the slander of credit claim was not recognized under Michigan law. The magistrate judge also determined that Plaintiffs had failed to seek to amend their complaint in a timely manner, and

recommended that the Court should deny their request to amend because "they did not provide a proposed amended complaint (in violation of E.D. Mich. LR 15.1), and do not suggest an ability or desire to amend their complaint in a way that will address the shortcomings discussed above," because their subsequent filings only reiterated previous flawed allegations and arguments. The Report also contained a "Notice to the Parties Regarding Objections," in which it stated that either party could object and seek review of the report, but that each was "required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2)." It concluded: "Failure to file specific objections constitutes a waiver of any further right of appeal."

## II. ANALYSIS

As a threshold issue, HSBC argues that Plaintiffs' appeal should be dismissed because they waived their right to appeal when they failed to file timely written objections to the magistrate judge's Report and Recommendation. The Sixth Circuit has established that "in the interest of judicial economy. . . a party must file timely objections with the district court to avoid waiving appellate review." *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140, 146-47 (1985) (recognizing courts of appeals's supervisory powers to promulgate rules requiring the filing of objections to a magistrate's report in order to preserve issues for appellate review). As the magistrate's Report and Recommendation observed: "[f]ailure to file specific objections constitutes a waiver of any further right of appeal."

The magistrate judge submitted his Report on January 13, 2014, certifying that Plaintiffs were served with a copy via email. The Report clearly stated that if a party wishes to seek review of the Report, they must act within fourteen days and that failure to do so constitutes a

waiver of any further appeal. Plaintiffs do not dispute that they were timely served with a copy of the Report. Plaintiffs failed to object to any aspect of the magistrate judge's Report within the required fourteen-day period or at any time before the district court ruled. Therefore, Plaintiffs have waived their right to appeal those issues, and consequently we AFFIRM the order of the district court.